IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUKE LEFEVER,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>                    Defendant. | 8:22CV330<br><br>**MEMORANDUM AND ORDER** |

On September 14, 2022, Luke LeFever ("LeFever"), proceeding pro se, filed a "Notice of Removal of Criminal Prosecution" (hereinafter "Notice of Removal"), which the Court docketed as a civil complaint filed pursuant to 42 U.S.C. § 1983 (i.e., a civil rights action). Filing No. 1. On September 26, 2022, LeFever filed a supplement, Filing No. 5, in support of his Notice of Removal which included a copy of an Amended Information filed in the District Court of Dawson County, Nebraska in Case No. CR20-40 charging LeFever with possession of a firearm by a prohibited person, a Class IB felony; theft by unlawful taking, a Class IIA felony; operating a motor vehicle to avoid arrest, a Class IV felony; criminal mischief, a Class I misdemeanor; and unauthorized use of motor vehicle, a Class III misdemeanor. Filing No. 5 at 4. At the time he filed his Notice of Removal, LeFever indicated that his criminal case was set for jury trial on November 8, 2022, and that he was litigating a § 1983 civil rights action in this Court at Case No. 4:20CV3066[1] arising out of the same June 4, 2018 events that his state criminal prosecution involves. Filing No. 1 at 1.

---

[1] On November 14, 2022, the Honorable Richard G. Kopf entered a Memorandum and Order and Judgment granting summary judgment in favor of the defendants and dismissing LeFever's amended complaint in Case No. 4:20CV3066. *See LeFever v. Castellanos, et al.*, 4:20-cv-03066-JFB-PRSE (D. Neb.) (Filing Nos. 143 & 144).

On September 21, 2022, the Court entered a Memorandum and Order directing LeFever to either submit the $402.00 filing and administrative fees to the Clerk's office or submit a request to proceed in forma pauperis ("IFP") within 30 days. Filing No. 4. On September 30, 2022, LeFever filed an Objection to the Court's September 21, 2022 Memorandum and Order asserting that he should not be required to pay a filing fee for the removal of his state criminal prosecution to federal court. Filing No. 6. Upon consideration, the Court will sustain LeFever's objection and will relieve LeFever from payment of the filing fee because it appears that LeFever is attempting to remove his state criminal case to this Court pursuant to 28 U.S.C. §§ 1443 and 1455. A filing fee is not required for the removal of a state criminal prosecution to federal court. *See Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964); *Kyles v. Nebraska*, No. 8:22CV290, 2022 WL 3597765 (D. Neb. Aug. 23, 2022); *Voss v. Nebraska*, No. 8:18CV340, 2018 WL 3707910 (D. Neb. Aug. 3, 2018), *aff'd*, No. 18-2909, 2019 WL 1062285 (8th Cir. Jan. 28, 2019).

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should

2

not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Clearly, LeFever did not seek to remove his criminal case within 30 days of his arraignment. See Filing No. 5 at 4–6 (amended information dated July 7, 2020); Id. at 23 (news article noting LeFever's "appearance in Dawson County Court on January 6, 2020 for arraignment hearing"). Thus, he has not complied with § 1455(b)(1). Moreover, the Court concludes LeFever has failed to establish good cause to permit the late filing of his Notice of Removal because removal is improper under 28 U.S.C. § 1443.

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state

3

in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, LeFever does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law. Rather, LeFever claims that removal is necessary "so that [LeFever] can recieve [sic] the actual protections of the Fourth Amendment void of perjured witness[es], with the protection of the Six[th] Amendment rights to an impartial jury, and the Fourteenth Amendment rights to Due Process and Equal Protection." Filing No. 1 at 3. Essentially, LeFever asserts that he is being maliciously prosecuted by the Attorney General's office, who LeFever claims lacks jurisdiction to prosecute him and has used perjured testimony against him, and that LeFever cannot receive a fair trial in Dawson County due to prejudicial pretrial publicity. Filing No. 1. None of LeFever's assertions warrant removal of his state criminal action to this Court. Thus, to the extent LeFever is requesting removal of his state criminal case to this Court, this matter is summarily remanded to the District Court of Dawson County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

Moreover, to the extent LeFever's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of LeFever's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37

4

(1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over any civil action that challenges LeFever's ongoing criminal proceedings.[2] See Hudson v. Campbell, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). LeFever has alleged no such extraordinary circumstances in his Notice of Removal. Thus, LeFever is advised that the Court will not interfere with, or intervene in, his ongoing criminal proceedings.

IT IS THEREFORE ORDERED:

1. LeFever's Objection, Filing No. 6, is sustained. LeFever is relieved from paying the filing fee in this matter and no filing fee shall be assessed against him.

2. To the extent LeFever's Notice of Removal may be construed as a civil complaint, it is dismissed for failure to state a claim upon which relief may be granted and because the Court must abstain from exercising jurisdiction over LeFever's challenge to his ongoing criminal proceedings.

3. To the extent LeFever is requesting removal of his state criminal case to this Court, his request is denied, and this case is remanded to the District Court of Dawson County, Nebraska.

4. Judgment shall be entered by separate document and the Clerk of the Court shall close this file for statistical purposes.

---

[2] According to LeFever's state court records, available to this Court online, LeFever was found guilty of four of the five counts in the amended information and is set to be sentenced on January 6, 2023. See *State v. LeFever*, CR20-40, District Court of Dawson County, Nebraska. Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

5. The Clerk of the Court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the District Court of Dawson County, Nebraska.

Dated this 29th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge